**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JOSE CARLOS ESCALERA-COSME; MARIA COLON-DE JESUS** | CIVIL NO. 25-1109 |
| PLAINTIFF | RETALIATION; DISCRIMINATION BASED ON AGE; WRONGFUL TERMINATION; AND TORT DAMAGES |
| VS. | |
| **ATLANTIC WASTE DISPOSAL, INC.; PLATINIUM WASTE DISPOSAL, LLC; INSURANCE COMPANY XYZ; COMPANY ABC; JOHN & JANE DOE.** | TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW,** Jose Carlos Escalera-Cosme ("Plaintiff") and Maria Colon-De Jesus ("Colon"), through the undersigned attorneys and very respectfully states, alleges and prays as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff worked for Atlantic Waste Disposal, Inc. ("AWD") y Platinium Waste Disposal, LLC ("PWD") (jointly "Defendants") since approximately 2011 until his illegal termination in April of 2024. Plaintiff was subjected to a hostile work environment due to his age by an employee of the Defendant, to which the Plaintiff had lodged various complaints to various other officials of the Defendant. However, even though the Plaintiff started lodging his complaints, the Defendants did not take any corrective actions. Instead, the Defendants fabricated a false reason

to illegally terminate the Plaintiff in April of 2024 in violation of retaliation and discrimination federal and state laws.

2.     Such actions constitute a disparate treatment by the Defendant based on retaliation and discrimination based on age pursuant to Age Discrimination in Employment Act ("ADEA") and the Federal Fair Labor and Standard Act ("FLSA"), causing damages to the Plaintiff. After exhausting administrative remedies before the EEOC, the Plaintiff files this civil action against the Defendant for violation of federal and state anti-discrimination statutes.

3.     Plaintiff files this civil action against the Defendant based on the following: Retaliation pursuant to FLSA, 29 USC sec. 201 *et seq.,* ADEA, 29 USC sec. 621 *et seq.*, Puerto Rico's Law No. 115 of December 20, 1991 ("Law 115"), 29 LPRA sec. 194 *et seq.* and Section 16 of Article II of Constitution of the Commonwealth of Puerto Rico ("PR Constitution"); Discrimination based on Age pursuant to ADEA, 29 USC sec. 621 *et seq.*, Puerto Rico's Law No. 100 of June 30, 1959 ("Law 100"), 29 LPRA sec. 146 *et seq.*, and Section 1 of Article II of the PR Constitution; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976 ("Law 80"), 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the Puerto Rico's Civil Code ("PRCC").

4.     Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendant's unlawful retaliatory and discriminatory employment termination of the Plaintiff, based on retaliation and discrimination on the grounds of his age. In addition, Plaintiff seeks other specific remedies that restore him to the position that he would have held in the absence of the discrimination.

## JURISDICTION AND VENUE

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to ADEA.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Section 1 and 16 of Article II of the PR Constitution, Law 100, Law 115, Law 80, and Tort Damages pursuant to the PRCC.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8. Before filing this instant case, Plaintiff tolled the statute of limitations by filing extrajudicial claims and filing timely charges of retaliation and of discrimination before the EEOC within one hundred and eighty (180) days and/or three hundred (300) days after the adverse employment action. A Notice of Right to Sue from the EEOC was received by the Plaintiff on December 17th, 2024. Plaintiff thus filed this timely Complaint within ninety (90) days of receipt of the EEOC's Notification of Right to Sue.

9. Plaintiff demands that all causes of action be tried before a jury.

**PARTIES**

10. Plaintiff, Jose Carlos Escalera-Cosme ("Plaintiff") is of legal age, domiciled and resident of Manatí, Puerto Rico. Plaintiff's address is the following: Urb. Villa Evangelina, Calle 12 S-227, Manati, PR, 00674. Plaintiff's e-mail address is joeescalera711@gmail.com. Plaintiff's mobile number is 939-282-3966.

11. Co-Plaintiff, Maria Colon-De Jesus ("Colon") is of legal age, domiciled and resident of Manatí, Puerto Rico. Colon's address is the following: Urb. Villa Evangelina, Calle 12 S-227, Manati, PR, 00674. Plaintiff's e-mail address is marycolon23@yahoo.com. Plaintiff's mobile number is 939-232-6162.

12. Defendants Atlantic Waste Disposal, Inc. ("AWD") y Platinium Waste Disposal, LLC ("PWD") (jointly "Defendants") are a company organized under the laws and are duly authorized to do business in the Commonwealth of Puerto Rico. The Defendants are dedicated to providing services for pick up and transporting waste. Defendants' designated office addresses are 1) Carr 2 KM 6.5, Barrio Santana, Arecibo PR 00612-6628 and 2) Urb. Muñoz Rivera, Ave. Esmeralda # 198, Guaynabo, PR 00969. Defendants' postal addresses are 1) 1206 Santana, Arecibo, PR 00612-6628 and 2) Urb. Muñoz Rivera, Ave. Esmeralda # 198, Guaynabo, PR 00969. Defendants' resident agents are 1) Jose A. Rubio Pitre and 2) Alberto Muñiz Malinero. The Defendants' resident agent addresses are 1) 171 Calle Jose Rodriguez Irizarry, Arecibo, PR 00612, 2) PO Box 2521, Arecibo, PR 00613-2521, and 3) Urb. Muñoz Rivera, Ave. Esmeralda # 198, Guaynabo, PR 00969. The Defendants constitute an integrated enterprise and are therefore to be considered as a single Defendant because of the degree of interrelationship, common ownership and control, common management, and the degree of centralization of labor relations and personnel functions at the Defendant's place of business in the Commonwealth of Puerto Rico. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, Insurance Company XYZ (hereinafter referred to as "Insurance Company XYZ"), held an insurance policy in favor of the Defendant. At the time of the retaliatory and discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said retaliation and discrimination claims. Their

current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant, Company ABC (hereinafter referred to as "Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendant, that directed and had knowledge of Defendant's retaliatory and discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

15. Co-Defendant, John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendant, who directed and had knowledge of Defendant's retaliatory and discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

16. Plaintiff's current age is 54 years old. Plaintiff was born on October 27th, 1970.

17. The Plaintiff began his employment with Defendants approximately on 2011.

18. The Defendants are dedicated to providing services for pick up and transporting waste

19. The Defendants have more than 500 employees.

20. Over the course of the thirteen (13) years that the Plaintiff has been working for the Defendants, the Plaintiff has always distinguished himself by his professionalism, responsibility, fulfillment of his job duties, and the excellent service that he provided to the Defendants.

21. The Plaintiff's job title was Waste Collector.

22. The Plaintiff's general duties as Waste Collector were to ride in the Defendants'

official vehicles to collect garbage on routes designated by the Defendants.

23. By approximately the end of 2023, the Defendants appointed a new supervisor who the Plaintiff knew as Wilfredo ("Supervisor" and/or "Wilfredo").

24. This new supervisor was assigned to supervise the Plaintiff's crew and route around November/December 2023.

25. In December 2023, the Plaintiff suffered a health incident where his legs swelled and the Plaintiff was taken to the Medical Center Hospital in Manatí.

26. There the Plaintiff was diagnosed with a pulmonary embolism as the Plaintiff was suffering from blood clots in his legs and lungs. The Plaintiff was hospitalized for approximately a week, and then the doctor recommended that the Plaintiff rest for approximately two weeks.

27. After this health incident, the Plaintiff returned to work under Wilfredo's supervision. Wilfredo began to constantly make fun of the Plaintiff's age. Wilfredo told the Plaintiff that he was too old to continue with that type of work. He also compared the Plaintiff saying that the Plaintiff was very slow at his job compared to younger employees. Wilfredo would yell at the Plaintiff for no reason, whereas Wilfredo would not yell at the younger employees. Wilfredo would make fun of the Plaintiff and his work in front of the younger employees for no reason, whereas Wilfredo would not make fun of the younger employees.

28. The Plaintiff personally complained to Wilfredo, notifying him that the Plaintiff did not agree with this pattern of age-based harassment. Wilfredo did not address the Plaintiff's complaint or rectify his behavior toward the Plaintiff.

29. The Plaintiff subsequently escalated his complaint to the Manager, Jean Carlo ("Manager" and/or "Jean Carlo"), stating that Wilfredo was engaging in age-based harassment. The Manager did not address the Plaintiff's complaint or take any action against Wilfredo to rectify

his behavior toward the Plaintiff.

30. After the Plaintiff notified Wilfredo and the Manager of Plaintiff's complaint, Wilfredo's pattern of age-based harassment worsened. This pattern of age-based harassment worsened in retaliation for the Plaintiff's complaint.

31. The Plaintiff called the Defendants' Human Resources to complain about workplace harassment based on his age. However, Human Resources refused to address the Plaintiff's complaint.

32. At the same time that the Plaintiff was complaining about workplace harassment, the Plaintiff was also complaining about job security and salary.

33. Regarding the safety complaints, the Plaintiff lodged complaints about job security to Wilfredo, the Manager, and Human Resources. These complaints revolved around dangerous working conditions, such as the Defendants' official vehicles being damaged because they were not properly being given maintenance. There were instances where the brakes did not work and the drivers lost control of the vehicles. Also, the tires were not being given maintenance and the truck would slide on the roads.

34. Regarding the salary complaints, the Plaintiff made complaints about irregular salary payment and non-payment of hours worked, including overtime hours. The Defendants sometimes did not pay the full forty (40) hours, nor did they pay time and a half when the Plaintiff worked additional hours on weekends.

35. The Plaintiff also shared these complaints about safety and salary with coworkers, as the Plaintiff understood that these complaints about safety and salary were for the benefit of all employees.

36. All of the above complaints had been lodged by the Plaintiff to the Defendants from

December 2023 onwards until the Plaintiff's illegal dismissal on April 26, 2024.

37. To the Plaintiff's surprise, the Defendants informed the Plaintiff on April 26, 2024 that the Plaintiff was going to be dismissed.

38. The Plaintiff understands that, as a result of his complaints about age-based harassment, job security, and salary, the Defendants fabricated an event of insubordination to make the decision to dismiss the Plaintiff.

39. The Plaintiff denies that said event of insubordination ever occurred and the Defendants' version is incorrect and false.

40. The Plaintiff understands that the Defendants took the illegal action of termination based on Plaintiff's age and in retaliation for Plaintiff lodging his complaints.

41. The Defendants are responsible for the illegal termination against the Plaintiff because 1) they allowed the hostile environment of age discrimination to continue against the Plaintiff, and 2) they retaliated against the Plaintiff by fabricating events to create a false reason for Plaintiff's termination, after the Plaintiff exercised his right to lodge all his internal complaints.

42. The Defendant is liable for the Defendant's discrimination and retaliation as described above.

43. The Defendants' actions constitute an illegal action against the Plaintiff because they fabricated the false pretextual grounds for his illegal termination.

44. The Defendants illegally terminated the Plaintiff in violation of anti-retaliation and anti-discrimination federal and state laws.

45. Company ABC was the parent company or an affiliated company of the Defendant. Company ABC had knowledge of Defendant's retaliatory and discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the retaliatory and discriminatory

actions incurred by the Defendant. Company ABC allowed the Defendant to retaliate and discriminate against the Plaintiff, based on false pretextual grounds.

46. John & Jane Doe had knowledge of Defendant's retaliatory and discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred by the Defendant. John & Jane Doe allowed the Defendant to retaliate and discriminate against the Plaintiff, based on false pretextual grounds.

47. At the time of these retaliatory and discriminatory incidents, Insurance Company XYZ held insurance policy in favor of the Defendant, specifically to cover said retaliation and discrimination claims. Said insurance policy was in force at the time of the retaliatory and discriminatory incidents.

48. Because of this illegal termination, the Plaintiff has suffered economic damages due to the deprivation of his compensation and benefits.

49. Because of this illegal termination, the Plaintiff has suffered emotional damages due to depression, lost sleep, rest and humiliation. Plaintiff has been at loss of his peace of mind and emotional stability.

50. Because of this illegal termination, Colon suffered emotional damages due to depression, lost sleep, rest and humiliation. Colon has been at loss of his peace of mind and emotional stability. Colon was the Plaintiff's partner at the time of the termination.

51. The Defendant is liable for all of the Plaintiff's and Colon's damages.

## FIRST CAUSE OF ACTION

## RETALIATION

52. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

53. Defendant's retaliatory conduct altered Plaintiff's employment condition because Plaintiff engaged in a protected activity.

54. Specifically, Plaintiff engaged in a protected activity by exercising his right when he lodged his complaints and opposed the unequal treatment.

55. The Defendant took a materially adverse actions against the Plaintiff by 1) allowing the hostile work environment of age discrimination to continue against the Plaintiff, and 2) taken retaliatory actions against the Plaintiff by fabricating events to create a false reason for the Plaintiff's dismissal, after the Plaintiff exercised his right to lodge all his internal complaints.

56. The Defendant's adverse actions are causally connected with the Plaintiff's participation in a protected activity.

57. The Defendant did not investigate or take any corrective actions to stop the hostile work environment against the Plaintiff.

58. All the named Defendants, Company ABC, John & Jane Doe had knowledge of the Defendant's unlawful retaliation against the Plaintiff. Therefore, the named Defendants, Company ABC, John & Jane Doe are liable because of the unlawful retaliation against the Plaintiff.

59. The Plaintiff's participation in protected activity was the direct cause of the Defendant's adverse action of creating a hostile work environment and unlawful termination.

60. Defendant's conduct against the Plaintiff constitutes an unlawful retaliation pursuant to FLSA, ADEA, Law 115 and Section 16 of Article II of the PR Constitution.

61. As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

62. As a result of Defendant's unlawful retaliation, Plaintiff lost the salary he was entitled to.

63. Defendant is liable to Plaintiff for the back pay he was entitled had he maintained his position pursuant to ADEA and FLSA.

64. Plaintiff's last annual salary was approximately eighteen thousand two hundred forty dollars ($18,240.00).

65. Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

66. Pursuant to FLSA and ADEA, Defendants' unlawful retaliation against the Plaintiff was willful, malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

67. In the alternative, an adequate remedy under Law 115, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

68. Defendants are liable to Plaintiff under this cause of action, pursuant to FLSA, ADEA, Law 115 and the PR Constitution, in excess of two hundred seventy-three thousand six hundred dollars ($273,600.00).

69. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

70. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than two hundred seventy-three thousand six hundred dollars ($273,600.00), which times two equal five hundred forty-seven thousand two hundred dollars ($547,200.00).

## SECOND CAUSE OF ACTION

## DISCRIMINATION BASED ON AGE

71. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

72. Defendant's discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's age.

73. At the moment that the Defendant's incurred in the discriminatory conduct, the Plaintiff was performing his job well enough to meet the Defendant's legitimate expectations.

74. Defendant's conduct against the Plaintiff constitutes discrimination based on age pursuant to ADEA, Law 100 and Section 1 of Article II of the PR Constitution.

75. As a proximate result of Defendant's discriminatory practice, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

76. As a result of Defendant's discriminatory practices, Plaintiff lost the compensation and benefits he was entitled to.

77. Defendant is liable to Plaintiff for the back pay and front pay he was entitled had he maintained his position pursuant to ADEA and Law 100.

78. Plaintiff's last annual salary was approximately eighteen thousand two hundred forty dollars ($18,240.00).

79. Defendant is liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay and front pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

80. Pursuant to ADEA, Defendants' discriminatory practices against the Plaintiff were willful, malicious and/or carried with reckless indifference towards Plaintiff's rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

81. In the alternative, an adequate remedy under Law 100, Defendant is liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiff's rights.

82. The adverse actions taken against the Plaintiff was the culmination of Defendant's discriminatory practice against the Plaintiff because of his age.

83. Defendant is liable to Plaintiff under this cause of action, pursuant to ADEA, Law 100 and the PR Constitution, in excess of two hundred seventy-three thousand six hundred dollars ($273,600.00).

84. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

85. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than two hundred seventy-three thousand six hundred dollars ($273,600.00), which times two equal five hundred forty-seven thousand two hundred dollars ($547,200.00).

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION

86. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

87. Defendant's actions constitute a termination of employment without just cause.

88. Defendant is liable to Plaintiff pursuant to Law 80, for an amount equal to three (3) months of salary plus benefits, as defined in the law, and twenty-six (26) additional weeks of compensation, based on his highest earning in any thirty-day period within the three years prior to the Plaintiff's dismissal. Therefore, the sum amount of severance pay under Law 80 is approximately fourteen thousand four hundred forty dollars ($14,440.00).

## FOURTH CAUSE OF ACTION

## TORTS DAMAGES

89. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

90. Defendants' actions constitute an act or omission which caused damage to Plaintiff and Colon. Said act or omission was incurred due to fault or negligence.

14

91. Defendants are liable to Plaintiff and Colon pursuant to the PRCC.

92. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff and Colon. Said act or omission was incurred due to fault or negligence.

93. John & Jane Doe's are liable to Plaintiff and Colon pursuant to the PRCC.

94. Company ABC's actions constitute an act or omission which caused damage to Plaintiff and Colon. Said act or omission was incurred due to fault or negligence.

95. Company ABC is liable to Plaintiff pursuant to the PRCC.

96. The Supervisor's actions as officer and/or employee of the Defendants constitute an act or omission which caused damages to Plaintiff and Colon. Said act or omission was incurred due to fault or negligence.

97. Therefore, Defendants are vicariously liable for damages caused by their officers and/or employees in their service pursuant to the PRCC.

98. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff and Colon. Said act or omission was incurred due to fault or negligence.

99. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

100. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

101. As a result thereof, Defendants' are liable to the Plaintiff for compensatory and statutory damages pursuant to the PRCC. These damages are estimated at no less than five hundred thousand dollars ($500,000.00) for the Plaintiff

102. As a result thereof, Defendants' are liable to Colon for compensatory and statutory damages pursuant to the PRCC. These damages are estimated at no less than thirty thousand dollars ($30,000.00) for the Plaintiff

## FIFTH CAUSE OF ACTION

## INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

103. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

104. Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## SIXTH CAUSE OF ACTION

## ATTORNEYS FEES AND PREJUDGMENT INTEREST

105. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

106. Defendant is liable to Plaintiff for attorney's fees and costs under FLSA and ADEA.

107. Defendant is also liable to Plaintiff for attorney's fees under Law 115, Law 100 and Law 80.

108. Defendant is liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

109. Plaintiff demand a trial by jury as to all claims and issues alleged herein

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Retaliation pursuant to FLSA, 29 USC sec. 201 *et seq.,* ADEA, 29 USC sec. 621 *et seq.*, Law 115, 29 LPRA sec. 194 *et seq*. and Section 16 of Article II of PR Constitution; Discrimination based on Age pursuant to ADEA, 29 USC sec. 621 *et seq*., Law 100, 29 LPRA sec. 146 *et seq*., and Section 1 of Article II of the PR Constitution; Wrongful Termination (Unjust Dismissal) pursuant to Law 80, 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the PRCC.

2. An order directing Defendants to reinstate Plaintiff to his former position and to cease and desist of any further retaliatory and discriminatory conduct on the basis of age.

3. Awarding plaintiff back pay and front pay, together with interest, for the period that Plaintiff was deprived of his salary, as it was awarded to other employees in his previous position.

4. Awarding the Plaintiff punitive and liquidated damages equal to twice the back pay, front pay and fringe benefits lost by the Plaintiff.

5. Awarding the Plaintiff lost benefits, both past and future.

6. Awarding the Plaintiff the sum amounts before mentioned in the Complaint which includes the double compensatory damages.

7. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

8. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 19th day of February, 2025.

/S/VICTOR M. RIVERA-RIOS
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
info.vrr@rcrtrblaw.com